199 P.3d 708

**Cherlene PATTERSON and Jody Stratton, "Crime Victims", Petitioners,**

v.

**The Honorable Margaret R. MAHONEY, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**The State of Arizona and Douglas D. Grant, Real Parties in Interest.**

No. 1 CA–SA 08–0263.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 18, 2008.

Lewis and Roca LLP By Douglas L. Irish, Sarah Selzer, Phoenix, Attorneys for Petitioners.

Andrew P. Thomas, Maricopa County Attorney By Gerald R. Grant, Deputy County

Attorney, Phoenix, Attorneys for Real Party in Interest State of Arizona.

Jones, Skelton & Hochuli, P.L.C. By A. Melvin McDonald, Jay R. Adleman, Phoenix, Attorneys for Real Party in Interest Douglas Grant.

## OPINION

PORTLEY, Judge.

¶ 1 The issue in this special action is whether the trial court erred when it ruled that the siblings of the decedent in a murder trial were not victims exempt from the rule governing the exclusion of witnesses pursuant to Arizona Rules of Criminal Procedure 9.3(a) and 39(a).

## FACTS & PROCEDURAL HISTORY

¶ 2 Petitioners Cherlene Patterson and Jody Stratton ("Petitioners") are the sisters of Faylene Eaves Grant, the decedent in a murder trial. Both sisters have been named as witnesses. Once the rule excluding witnesses was invoked, the trial court, State, and Defendant agreed that only the decedent's parents and children were exempt from the rule pursuant to Arizona Rules of Criminal Procedure 9.3(a) and 39(a). The Petitioners sought to remain in the courtroom during the trial as crime victims under Arizona Revised Statutes ("A.R.S.") section 13–4401(19) (Supp.2008) and moved for reconsideration of the trial court's order excluding them.

¶ 3 The judge who presided over jury selection allowed the Petitioners to be present for jury selection and left final resolution of the issue to the assigned judge. Immediately before opening statements, the trial judge denied the motion to reconsider, and the Petitioners were excluded from the courtroom.

¶ 4 The Petitioners then filed a petition for special action and requested a stay of the trial. They argue that they are entitled to be present during the trial as crime victims under A.R.S. § 13–4401(19) and the Victims' Bill of Rights. After a telephonic hearing, we granted a stay of the portion of the order preventing the Petitioners from being present in the courtroom pending our decision in the matter.

## SPECIAL ACTION JURISDICTION

¶ 5 We accept special action jurisdiction because the parties do not have a plain, adequate, or speedy remedy by appeal. *See* Ariz. R.P. Spec. Act. 1(a); *State ex rel. Romley v. Superior Court,* 184 Ariz. 409, 410, 909 P.2d 476, 477 (App.1995) (accepting special action jurisdiction to address a trial court's determination of who is a crime victim for purposes of exercising crime victims' rights). Because this is an issue of first impression and the Petitioners, as non-parties to the litigation, lack a remedy on appeal, we accept jurisdiction.

## DISCUSSION

¶ 6 The Victims' Bill of Rights was incorporated into the Arizona Constitution in 1990 as Article II, Section 2.1. *See generally State v. Roscoe,* 185 Ariz. 68, 70, 912 P.2d 1297, 1299 (1996) (discussing the history of the Victims' Bill of Rights and related statutes and court rules); Stellisa Scott, Note, *Beyond the Victims' Bill of Rights: The Shield Becomes a Sword,* 36 Ariz. L.Rev. 249, 249–50 (1994) (discussing the enactment of the Victims' Bill of Rights). A victim is defined as "a person against whom the criminal offense has been committed or, if the person is killed or incapacitated, the person's spouse, parent, child or other lawful representative." Ariz. Const. art. II, § 2.1(C). The constitutional provision gave victims the right "[t]o be present at ... all criminal proceedings where the defendant has the right to be present." *Id.* § 2.1(A)(3). Additionally, the provision gave the Legislature "the authority to enact substantive and procedural laws to define, implement, preserve and protect" victims' rights. *Id.* § 2.1(D).

¶ 7 Pursuant to constitutional authority, the Legislature enacted Chapter 40 of Title 13. A.R.S. §§ 13–4401 to –4439 (2001 and Supp.2008). In 2005, the Legislature amended the statutory definition of victim by removing the term "immediate family" and replacing it with a list of relations that included siblings. A.R.S. § 13–4401(19). Victim is

now defined as "a person against whom the criminal offense has been committed, including a minor, or if the person is killed or incapacitated, the person's spouse, parent, child, grandparent or sibling, any other person related to the person by consanguinity or affinity to the second degree or any other lawful representative of the person." *Id.*

¶ 8 Our supreme court has also addressed victims' rights in its criminal procedure rules. Rule 39(a) defines a victim as "a person against whom a criminal offense as defined by 13–4401(6) has allegedly been committed, or the spouse, parent, lawful representative, or child of someone killed or incapacitated by the alleged criminal offense." Ariz. R.Crim. P. 39(a). In keeping with a victim's constitutional right to be present at proceedings involving a defendant, Rule 9.3(a) exempts victims, as defined in Rule 39(a), from the rule excluding witnesses. Ariz. R.Crim. P. 9.3(a). Neither rule has been amended to reflect the Legislature's 2005 changes to the definition of victim in § 13–4401(19).

¶ 9 When interpreting statutes and rules, we follow the principles of statutory construction. *State v. Hansen,* 215 Ariz. 287, 289, ¶ 7, 160 P.3d 166, 168 (2007) (citations omitted). We look first to the language of the statute or rule. *Id.* If "the language is clear and unequivocal, it is determinative of the statute's construction." *Id.* (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser,* 214 Ariz. 293, 296, ¶ 8, 152 P.3d 490, 493 (2007)). If there is a conflict between a statute and a rule, we will attempt to harmonize them. *Kenneth T. v. Ariz. Dep't of Econ. Sec.,* 212 Ariz. 150, 151, ¶ 8, 128 P.3d 773, 774 (App.2006) (citing *Johnson v. Elson,* 192 Ariz. 486, 488 n. 4, ¶ 8, 967 P.2d 1022, 1024 n. 4 (App.1998)).

¶ 10 Here, we are presented with differing definitions of victim: A.R.S. § 13–4401(19) includes siblings in the definition, while Rule 39(a) does not. These definitions cannot be harmonized, so we must determine which definition controls. *See Hansen,* 215 Ariz. at 289, ¶ 8, 160 P.3d at 168.

¶ 11 When a rule and statute conflict, the rule will govern if the matter concerns a procedural right, and the statute will govern if the matter concerns a substantive right. *See id.* at ¶ 9, 160 P.3d 166. Under our state constitution, the supreme court has the power to create procedural rules, and the Legislature cannot infringe on the court's rulemaking authority. *State ex rel. Napolitano v. Brown,* 194 Ariz. 340, 342, ¶ 6, 982 P.2d 815, 817 (1999) (citing *State v. Robinson,* 153 Ariz. 191, 197, 735 P.2d 801, 807 (1987)). The Legislature, on the other hand, has plenary power to address anything within the scope of government, unless otherwise limited by the constitution. *Id.* at ¶ 5, 982 P.2d 815 (citing *Giss v. Jordan,* 82 Ariz. 152, 159, 309 P.2d 779, 783–84 (1957)).

¶ 12 "[S]ubstantive law is that part of the law which creates, defines and regulates rights." *State v. Birmingham,* 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964). Procedural law "prescribes the practice, method, procedure or legal machinery by which the substantive law is enforced or made effective." *Id.* (citations omitted).

¶ 13 Section 13–4401 defines "victim" and identifies who may assert the rights afforded to crime victims by the Victims' Bill of Rights and related statutes. A.R.S. § 13–4401(19). Once identified, the victim must be afforded the substantive rights guaranteed by the constitution and statute.

¶ 14 Here, the conflict is not a matter of enforcing rights, but defining who is entitled to those rights. Therefore, the matter at issue is substantive and the statute controls.

¶ 15 Because the statute includes siblings in the definition of victim, A.R.S. § 13–4401(19), the statutory definition must be used when applying the Rules of Criminal Procedure. The Petitioners are victims as defined by the Legislature, pursuant to the authority granted to it in the Victims' Bill of Rights. Therefore, the Petitioners, as siblings, are exempt from Rule 9(a) concerning the exclusion of witnesses and have a constitutional right to be present at the trial and all other criminal proceedings concerning their sister's death.

## CONCLUSION

¶ 16 Based on the foregoing, we accept special action jurisdiction. We grant relief by vacating the order excluding the Petitioners, the decedent's sisters, from the courtroom.

CONCURRING: JON W. THOMPSON, and PETER B. SWANN, Judges.