NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CRAIG DOMEIER, *Plaintiff/Appellee,*

*v.*

JACKIE SAUNDERS, *Defendant/Appellant.*

No. 1 CA-CV 15-0441
FILED 5-3-2016

Appeal from the Superior Court in Yavapai County
No. V1300CV201580064
The Honorable Jeffrey G. Paupore, Judge Pro Tempore

**AFFIRMED IN PART, VACATED IN PART AND REMANDED**

COUNSEL

Guajardo & Johnson Associates, Phoenix
By T. Anthony Guajardo
*Counsel for Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which
Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

**P O R T L E Y**, Judge:

**¶1**        Jackie Saunders ("Saunders") appeals the forcible detainer judgment entered against her. For the following reasons, we affirm the judgment in part, vacate the award of attorney fees, modify the post-judgment interest rate, and remand for entry of a corrected judgment.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**        Craig Domeier ("Domeier") leased a house to Saunders. The lease term in the signed residential agreement was from January 20, 2014 to January 31, 2015.

**¶3**        Saunders did not vacate the house once the lease expired. Domeier then filed an eviction action against Saunders. A trial was held, the court granted Domeier possession of the premises and, in the judgment, also awarded Domeier rent, late charges, court costs and attorney fees totaling $1,847.20. Saunders appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶4**        Saunders raises multiple arguments[2] that can be synthesized into two claims on appeal. First, she argues the trial court erred by awarding a money judgment because Domeier's complaint did not state that he was seeking rent, late fees, attorney fees, or court costs as required by Arizona Rules of Procedure for Eviction Actions ("Rules") 5(c) and 13(c). Second, she argues the court erred by evicting her because she did not receive proper notice of the termination of the lease.

**¶5**        Residential eviction actions are governed by Article 4 of the Arizona Residential Landlord and Tenant Act, *see* A.R.S. § 33-1361 to -1378, and by the Arizona Rules of Procedure for Eviction Actions. We will not disturb a trial court's findings of fact unless they are clearly erroneous. *Town of Marana v. Pima Cty.*, 230 Ariz. 142, 152, ¶ 46, 281 P.3d 1010, 1020 (App. 2012). We, however, review the court's conclusions of law de novo. *Id.* And to the extent we have to interpret rules or statutes, we independently follow the principles of statutory construction; we first look to the language of the statute or rule and follow the language if it is clear

---

[1] "We view the evidence and all reasonable inferences in the light most favorable to sustaining the superior court's ruling." *Town of Marana v. Pima Cty.*, 230 Ariz. 142, 152, ¶ 46, 281 P.3d 1010, 1020 (App. 2012).

[2] The opening brief contained six argument sections, but they are repetitive.

and unequivocal. *Patterson v. Mahoney*, 219 Ariz. 453, 456, ¶ 9, 199 P.3d 708, 711 (App. 2008). We are also mindful that we will follow the procedural requirements of a rule, which prescribes the method "by which the substantive law is enforced or made effective." *Id.* at ¶ 12 (quoting *State v. Birmingham*, 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964)).

**A. Monetary Judgment**

**¶6** Saunders argues that Domeier was not entitled to accrued rent, late fees, court costs, and attorney fees. She contends the "[c]omplaint did not disclose [that] any money was due," and, as a result, Domeier "could not advance a monetary claim at trial" because he failed to comply with the Rules.[3]

**¶7** The Rules provide the procedural rules for litigants filing and defending eviction actions, and for trial courts handling the cases, including the method to allow the court to resolve possession, damages, fees and costs. RPEA 1. For example, Rule 5 outlines what information should be in the complaint, especially if monetary damages are sought. Then, Rule 13(c) provides two types of remedies – possession of the premises and damages. RPEA 13(c). Subsection (c)(1) provides for possession, while subsection (c)(2) provides that a court may award damages to the person entitled to possession for rent, reasonable late fees, attorney fees or other requested fees, charges, or damages. RPEA 13(c)(2). Although subsection (c)(2) provides that "[t]he court shall not award any amount for damages or categories of relief not specifically stated in the complaint or counterclaim," it provides an exception for "additional rent, late charges, fees and other amounts that have accrued since the filing of the complaint, if appropriate." RPEA 13(c)(2).

**¶8** After the lease expired on January 31, 2015, and Saunders did not voluntarily leave the premises, Domeier filed his eviction action on March 4, and attached the lease. He, however, did not specifically request any rent, late charges, court costs, or attorney fees. The court, after the March 18 hearing, returned possession to Domeier, and gave Saunders until March 24 to vacate the premises. And, based on Domeier's request at trial for accrued rent at the rate of $21 per day, the court entered a judgment

---

[3] Domeier did not file an answering brief. Although we could regard his failure as a confession of error, in our discretion, we decline to do so. *See Thompson v. Thompson*, 217 Ariz. 524, 526 n.1, ¶ 6, 176 P.3d 722, 724 n.1 (App. 2008) (citation omitted).

awarding him $504.00 for rent, $25 for late charges, and attorney fees and court costs.

¶9        Rule 13(c)(2) allows the trial court to award "additional rent, late charges, fees and other amounts that have accrued since the filing of the complaint, if appropriate." RPEA 13(c)(2). Rule 13(c)(2)(H) provides that the court can award court costs "as required by A.R.S. § 12-341." RPEA 13(c)(2)(H). Additionally, Rule 13(f) provides that the court can award attorney fees to the prevailing party if "fees are provided for by statute or in a written contract." RPEA 13(f).

¶10        Here, although Domeier's complaint did not ask for additional rent or late charges, Rule 13(c)(2) allowed the court to award the rent and late charges that had accrued since the filing of the complaint to Domeier based on his trial testimony. Consequently, we find no error for the rent and late fees in the judgment.

¶11        Saunders contends that Domeier was not entitled to court costs because he did not seek those costs in his complaint. However, Rule 13(c)(2)(H) allows the court to award fees as required by A.R.S. § 12-341. And that statute provides that "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred therein." A.R.S. § 12-341. Court costs, as a result, do not need to be listed in a complaint to be awarded to the prevailing party; those costs can be awarded to whichever party prevails. *Id.* Because Domeier was the prevailing party, he was entitled to his court costs even though he did not seek his costs in the complaint. Accordingly, the court did not err by awarding the court costs in the judgment.

¶12        Saunders also contends that Domeier was not entitled to attorney fees because he did not seek them in the complaint. We agree.

¶13        Rule 5(c) provides that if a party is seeking monetary damages, including attorney fees, the complaint must include a request for fees, and must also include an "amount of attorney fees, if permitted by law or contract, that would be due . . . in the event of a default by the defendant." RPEA 5(c)(7). Rule 13(c)(2) reiterates the need to request fees in the complaint. The subsection, while providing that the court may award "rent or any reasonable late fees, attorney fees or other requested fees," specifically provides the court "shall not award any amount for damages or categories of relief not specifically stated in the complaint or counterclaim." RPEA 13(c)(2). And unlike an unstated claim for additional

4

rent and late charges, the rule does not make any exception for attorney fees.

**¶14**         Although Rule 13(f) specifically provides that "[r]easonable attorney fees *shall* be awarded to the prevailing party if the court determines that such fees are provided for by statute or in a written contract," RPEA 13(f) (emphasis added), the rules clearly provide that the court cannot award attorney fees unless, as stated in subsection (c)(2), the landlord requested those fees in the complaint. RPEA 13(c)(2). Consequently, despite the attorney-fees provision in the lease, Domeier is not entitled to those fees because he did not seek them in his complaint. Accordingly, the court erred by granting Domeier attorney fees, and we vacate the portion of the judgment awarding attorney fees of $892.20.

**¶15**         We note, however, that the trial court awarded Domeier interest on the judgment amount at the rate of ten percent per annum from the date of judgment until paid in full. The rate of interest on a judgment is governed by A.R.S. § 44-1201(B), which provides that the interest "shall be at the lesser of ten per cent per annum or at a rate per annum that is equal to one per cent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15" or successor publications "on the date that the judgment is entered." A.R.S. § 44-1201(B); *Metzler v. BCI Coca-Cola Bottling Co. of Los Angeles, Inc.*, 235 Ariz. 141, 143, ¶ 1, 329 P.3d 1043, 1045 (2014) (noting that the interest rate under subsection (B) is 4.25%). Because the statutory interest rate at the time of judgment was 4.25%,[4] we vacate the interest provision and remand this case so that the court can correct the interest rate from the date of the judgment, as well as remove the attorney fees award.

## B. Failure to Receive Timely Notice

**¶16**         Saunders also claims Domeier failed to give her timely notice of the termination of the lease because she was a "month-to-month" tenant entitled to a thirty-day notice under A.R.S. § 33-1375(B). We disagree.

**¶17**         A tenant who remains in possession of the property "without the landlord's consent after expiration of the term of the rental agreement," can be sued for possession of the premises. A.R.S. § 33-1375(C). However, if "the landlord consents in writing to the tenant's continued occupancy,"

---

[4] The judgment was entered on March 24, 2015. At the time, the prime rate was 3.25%. *See* Bd. of Governors of the Fed. Reserve Sys., H.15 Selected Interest Rates, (March 23, 2015).

the tenant becomes a month-to-month tenant, A.R.S. § 33-1375(C) (citing A.R.S. § 33-1314(D)), and the tenancy can only be terminated after receiving a thirty-day written notice, A.R.S. § 33-1375(B).

¶18        Here, the lease stated that the term expired on January 31, 2015, and Saunders "agree[d] to vacate the premises at the end date of th[e] Lease Agreement." Saunders could only become a month-to-month tenant if Domeier provided written consent for her to stay on the premises. She did not present any evidence that Domeier had provided written consent for her to stay past January 31, and the court did not find that Domeier agreed to allow her to stay. Therefore, because Saunders was not a month-to-month tenant under A.R.S. § 33-1375(C) after January 31, 2015, she was not entitled to any specific written notice terminating the tenancy.

¶19        Moreover, A.R.S. § 33-1311 requires both parties to act in good faith during the landlord-tenant relationship. "Good faith" is statutorily defined as "honesty in fact in the conduct or transaction concerned." A.R.S. § 33-1310(5). Here, Domeier provided Saunders notice that he was not going to renew the lease on January 29, 2015, by posting the notice at the residence and by certified mail. The certified mail was returned as refused, but, during the hearing, Saunders' attorney admitted that Saunders had received the notice of nonrenewal in an email sent on January 27.

¶20        Saunders then periodically mailed several rental payments to Domeier, which he repeatedly returned to her. Although she argues that those "payments" converted her status into a month-to-month tenant, Domeier did not accept any of the checks and the court concluded Saunders had never become a month-to-month tenant. The court did not err.[5]

¶21        Saunders requests attorney fees pursuant to A.R.S. § 12-349(A)(1) and § 12-341.01. In our discretion, we deny the request.

---

[5] Saunders also argues that Domeier was required to mediate her continued stay in the residence. Although the lease had a provision that they "agree[d] to mediate any dispute or claim arising between them out of this [a]greement," once the lease expired, Saunders was not entitled to mediate the continuation of her stay on the premises.

**CONCLUSION**

**¶22**      Based on the foregoing, we affirm the judgment in part, but vacate the award of $892.20 for attorney fees, and remand this case to allow the trial court to enter a corrected judgment without the attorney fees and to modify the post-judgment interest as required by A.R.S. § 44-1201(B) from the date of judgment until paid in full.



Ruth A. Willingham · Clerk of the Court
FILED: ama