NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JOHL J. KENNEDY, *Petitioner/Appellant*,

*v.*

CHRISTINE L. WYBENGA, *Respondent/Appellee*.

No. 1 CA-CV 17-0559 FC
FILED 9-11-2018

Appeal from the Superior Court in Maricopa County
No.  FC2011-053288
The Honorable Roy C. Whitehead, Judge

**REVERSED AND REMANDED**

APPEARANCE

Johl. J. Kennedy, Phoenix
*Petitioner/Appellant*

<hr>

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge David D. Weinzweig joined.

<hr>

**C A M P B E L L**, Judge:

¶1        Johl J. Kennedy ("Father") appeals from several superior court orders that (1) dismissed his petition to modify child support, (2) appointed a guardian ad litem ("GAL") to determine whether Father could represent himself due to his disability or needed a guardianship, and (3) denied Father's request for a change of judge. For the reasons stated below, we reverse the dismissal of the petition to modify child support and the order appointing a GAL and remand for reconsideration of Father's petition to modify child support and request for an accommodation pursuant to the Americans with Disabilities Act ("ADA"). We lack jurisdiction to consider the appeal from the order denying a change of judge.

## BACKGROUND

¶2        Father and Christine L. Wybenga ("Mother") divorced in 2012. In 2014, the superior court granted Mother's request to relocate to California with the parties' children. In November 2016, Father petitioned to modify child support, determine arrearages, and grant injunctive relief. Mother argued Arizona no longer had jurisdiction over child support issues because (1) the superior court ordered on July 24, 2015, that "all future hearings shall occur in California, as Arizona no longer has jurisdiction under UCCJEA,"[1] and (2) the California court, on May 16, 2016, registered the Arizona child support order for purposes of modification and subsequently issued a child support order.

¶3        The superior court initially ruled that Arizona had jurisdiction over the child support issues but reversed this decision after a telephonic conference with a California family court judge and a California Department of Child Support Services ("DCSS") representative.

<hr>

[1] Uniform Child Custody Jurisdiction and Enforcement Act, *see* Arizona Revised Statutes ("A.R.S.") §§ 25-1001 to 25-1067.

¶4 At the conclusion of the telephonic conference, the Arizona superior court addressed Father's request for accommodations under the ADA to allow a cognitive interpreter. The court set another hearing to determine if Father could represent himself or if the court should appoint a GAL. At the subsequent hearing, the court appointed a GAL to meet with Father and advise the court whether he was capable of representing himself or if a guardianship was necessary.

¶5 Father also requested a change of judge, alleging that the assigned judge appeared biased because he previously worked with Father's former attorney. The superior court summarily denied the request.

## DISCUSSION

¶6 Mother did not file an answering brief. We decline to consider her failure to do so as a confession of error, however, and address the merits of the issues raised on appeal. *See Cardoso v. Soldo*, 230 Ariz. 614, 616, ¶ 4 n.1 (App. 2012).

## I. Jurisdiction to Modify Child Support

¶7 After concluding California had jurisdiction over child support issues, the superior court dismissed Father's petition to modify child support and determine arrearages. The court found that California had "jurisdiction over legal decision making, parenting time, and child support" issues. Father filed notices of appeal from these orders, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(3).

¶8 Father contends that California lacked jurisdiction and improperly registered the child support order for modification in May 2016 because he was at all times an Arizona resident; thus, Arizona never lost continuing, exclusive jurisdiction over child support issues according to the Uniform Interstate Family Support Act ("UIFSA"), A.R.S. §§ 25-1201 to -1362, and the Full Faith and Credit for Child Support Orders Act ("FFCCSOA"), 28 U.S.C. § 1738B. He also argues that his temporary relocation to California did not deprive Arizona of continuing, exclusive jurisdiction because he was residing in Arizona at the time he filed his petition to modify in November 2016. We review the application and interpretation of statutes de novo, *McHale v. McHale*, 210 Ariz. 194, 196, ¶ 7 (App. 2005), but defer to the superior court's factual findings unless clearly erroneous, s*ee KPNX-TV Channel 12 v. Stephens*, 236 Ariz. 367, 370, ¶ 7 (App. 2014).

¶9          The original and modified child support orders were issued in Arizona, where Father resided when he filed his November 2016 petition. The California court issued a child support order in October 2016 that stated "[a]ll orders previously made in this action must remain in full force and effect except as specifically modified below." The California court then ordered Father to reimburse Mother for specific medical expenses.

¶10          The superior court concluded that the California order controlled because California registered the order for modification. At the UIFSA conference, Judge Whitehead spoke with Judge Santos, the California judge handling the custody and parenting time issues.[2] Initially both judges were of the opinion that child support jurisdiction remained in Arizona. After learning the Arizona child support order was registered for modification in California, both judges changed their positions and concluded California had jurisdiction over the child support matters.

¶11          Pursuant to A.R.S. § 25-1225(C), if another state has issued a child support order under UIFSA that modified an existing Arizona child support order, the Arizona court "shall" recognize the continuing, exclusive jurisdiction of the other state. But Mother sought enforcement of the Arizona child support order, not modification. In particular, she requested enforcement of the reimbursement provisions for uncovered medical expenses contained in the Arizona order. As a result, the California order simply enforced the reimbursement of medical expenses consistent with the Arizona order. Indeed, the California order specified that all previous orders remained in effect except as specifically modified therein; however, the California order did not modify the Arizona orders. Thus, the California order did not usurp Arizona's continuing, exclusive jurisdiction. And while Arizona and California courts have both issued child support orders, Arizona retains continuing, exclusive jurisdiction to modify its original child support order because (1) Arizona issued the "controlling" order under A.R.S. § 25-1227(B), and (2) Father lived in Arizona when he petitioned to modify child support and determine arrearages under A.R.S. § 25-1225(A)(1).

¶12          UIFSA's one-order system supports this result. The state issuing the original child support order:

> retains continuing, exclusive jurisdiction over a child support
> order until another state modifies the order in accordance

---

[2] Judge Santos did not handle the child support issues and suggested the conference include a DCSS representative.

with the pertinent statutory requirements, including registration. *See* [UIFSA] § 205 cmt. (amended 2001) ("Even if all parties and the child no longer reside in the State, the support order continues in existence and is fully enforceable unless and until a modification takes place in accordance with the requirements of Article 6 [including registration requirements]."[3]); *see also* 28 U.S.C. § 1738B(a)(1), (d), (i) (FFCCSOA, providing state tribunal shall not modify a child support order unless it is registered and issuing court retains continuing, exclusive jurisdiction until another state properly modifies order). Unless the foreign child support order is registered, the issuing state retains exclusive jurisdiction, which means another state lacks jurisdiction to modify the order unless it is registered and other prerequisites are satisfied.

*Glover v. Glover*, 231 Ariz. 1, 6-7, ¶ 21 (App. 2012) (first alteration in original).

**¶13** California could register and enforce the Arizona order, but lacked jurisdiction to modify it unless both parents lived in California and the child no longer lived in Arizona. *See* 28 U.S.C. § 1738B(i); Cal. Fam. Code § 5700.613(a) (authorizing California to modify another state's child support order if both parents live in California and the child no longer lives in the issuing state); *see also* A.R.S. § 25-1313(A).[4]

---

[3] Revisions to UIFSA § 205 in 2008 made no material changes to this comment.

[4] Arizona's statute is comparable and aligns with UIFSA's policy concerns:

A keystone of UIFSA is that the power *to enforce* the order of the issuing tribunal is not "exclusive" with that tribunal. Rather, on request one or more responding tribunals may also exercise authority to enforce the order of the issuing tribunal. Secondly, under the one-order-at-a-time system, the validity and enforceability of the controlling order continues unabated until it is fully complied with, *unless it is replaced by a modified order issued in accordance with the standards established by Sections 609-616*.

UIFSA § 206 cmt. (2008) (emphasis added).

¶14 Father's temporary relocation to California did not affect Arizona's continuing, exclusive jurisdiction because he was living in Arizona when he filed his petition to modify child support. The comment to UIFSA § 205 (2008) supports this conclusion:

> [A]ny interruption of residence of a party between the date of the issuance of the order and the date of filing the request for modification does not affect jurisdiction to modify. . . . If the [original] order is not modified during this time of mutual absence, a return to reside in the issuing state by a party or child immediately identifies the proper forum at the time of filing a proceeding for modification.

We conclude that California can enforce the Arizona child support order because it was properly registered in California. Arizona did not, however, lose continuing, exclusive jurisdiction because California did not modify the Arizona order, despite the confusing "for modification" language in the California caption. Accordingly, the superior court erred in dismissing Father's petition to modify.

## II.    Appointing GAL

¶15 At some point in the litigation, Father began working with an aide he characterized as a "support person" under the ADA. *See generally* 42 U.S.C. §§ 12101 to 12213. Father formally requested permission to allow his personal aide to assist him as an ADA accommodation—specifically, to speak on his behalf. The superior court denied this request, explaining that only a licensed attorney could speak for another in a court proceeding. Undeterred, the aide tried to discuss Father's residence with the court. When the court repeated that it could not hear from the aide, she argued that Father's motion to allow her to speak as an ADA accommodation was still pending.

¶16 The superior court set a hearing to address Father's request for ADA accommodations "for the sole purpose of determining if [Father] is 'unable to represent himself pro se due to his disability' and thus requiring the Court to determine if the appointment of a [GAL] is

warranted."[5] Although this order did not finally resolve this issue, Father filed a notice of appeal.

¶17         At the hearing to address the accommodation request, Father and his aide explained that Father has difficulty speaking coherently due to cognitive disabilities and PTSD. Father wanted to use a cognitive interpreter for future hearings who was licensed to practice law in New York, but would not appear as his attorney. The superior court expressed concern that this would constitute practicing law in Arizona without a license. Then, the court sua sponte appointed a GAL for Father and ordered the GAL to meet with Father and advise the court "whether he is capable of representing himself in this matter, and whether a guardianship is necessary." Father filed a timely notice of appeal from these orders.

¶18         These orders are not final because the superior court did not ultimately determine whether Father could represent himself or if a guardianship was necessary.[6] *See* A.R.S. § 12-2101(A)(1), (10) (stating that final orders and orders adjudicating a person as incompetent are appealable). Nevertheless, in light of the due process implications, we exercise our discretion to treat Father's appeal from these orders as a special action and accept jurisdiction. *See Lloyd v. State Farm Mut. Auto. Ins. Co.*, 189 Ariz. 369, 375 (App. 1996); *see also Maricopa Cty. Juv. Action No. JD-6982*, 186 Ariz. 354, 359, n.5 (App. 1996) ("[T]he appointment of a general guardian implicates due process.").

¶19         The ADA requires reasonable accommodations for a person with a disability to provide "an even playing field," but does not require

_____

[5] The court later entered a signed order corresponding to the original, unsigned order.

[6] Father subsequently moved to remove the GAL and permit his request for a cognitive interpreter as an ADA accommodation, contending the appointment of a GAL violated the ADA. The court denied this request without comment. At a later status conference, Father was ordered to schedule an appointment with the GAL. The court issued repeated orders for Father to meet the GAL, which he has apparently never done. As it previously cautioned Father, the court dismissed Father's pending petitions relating to spousal maintenance and property issues for failing to meet the GAL as ordered.

preferential treatment or accommodations of the person's choice. *Goldblatt v. Geiger*, 867 F. Supp. 2d 201, 210 (D.N.H. 2012) (quoting *Felix v. N.Y.C. Transit Auth.*, 324 F.3d 102, 107 (2d Cir. 2003)); *see generally* 42 U.S.C. §§ 12101 to 12103. The superior court did not expressly deny Father's request for a cognitive interpreter as a reasonable accommodation; instead, the court appointed a GAL to advise whether a guardianship was necessary. Father contends the court lacked authority to appoint a GAL and violated his due process rights by doing so.

¶20         This was a post-decree child support and marital property dispute; it was not a probate or a juvenile court matter. Father has never been found incompetent or incapacitated. The superior court failed to cite any procedural rule or statute authorizing the appointment of a GAL for an adult who has not previously been ruled incompetent or incapacitated in post-decree support and property litigation. This is a family law matter governed by the rules of Family Law Procedure—rules which specifically preclude the court from appointing a guardian to act on behalf of an incompetent person, *except as provided in A.R.S. Title 14.* Ariz. R. Fam. Law P. 10(I).

¶21         In this case, Father has never been found incapacitated or incompetent. Thus, the superior court lacked authority and failed to follow the constitutionally-mandated procedures before appointing a GAL. The appointment of a GAL under these circumstances deprived Father of due process. We vacate the order appointing the GAL and remand for reconsideration of Father's request for an ADA accommodation. The superior court also dismissed several pending motions raising spousal maintenance and property issues because of Father's failure to meet with the GAL. Because we vacate the order appointing the GAL, we also vacate the related order dismissing the pending motions.

## III.    Request for New Judge

¶22         In his motion to reconsider the order finding California had jurisdiction of child support issues, Father also requested a new judge for cause. The superior court denied the motion without comment. An order denying a request for a change of judge is not appealable and must be reviewed by special action. *See Taliaferro v. Taliaferro*, 186 Ariz. 221, 223 (1986).  We decline to treat the appeal as a special action, thus lack jurisdiction to review the order denying Father's request for a change of judge.

**CONCLUSION**

**¶23**        We reverse the superior court's order dismissing Father's petition to modify child support and remand for reconsideration. We vacate the orders appointing a GAL and dismissing the pending motions and remand for reconsideration of Father's request for ADA accommodations. We lack jurisdiction over the appeal from the order denying Father's request for a change of judge.



AMY M. WOOD • Clerk of the Court
FILED:  AA