147 P.3d 1050

**STATE of Arizona, Appellee,**

v.

**Karen Marie HANSEN aka Karen Marie Kennedy, Appellant.**

**No. 1 CA–CR 05–0520.**

Court of Appeals of Arizona,
Division 1, Department M.

Nov. 16, 2006.

Review Granted March 13, 2007.

Terry Goddard, Attorney General by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Joseph T. Maziarz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Sherman Jensen, Prescott, Attorney for Appellant.

**OPINION**

HALL, Judge.

¶ 1 We previously entered an unpublished order denying defendant's motion to stay restitution payments pending the outcome of her appeal. Because of the importance of the issue, we stated in the order that this opinion would follow. We conclude that restitution payments are not stayed pending the outcome of an appeal, but that any monies paid are to be held by the clerk of the superior court for disbursement to the victim or reimbursement to the defendant after the issuance of the mandate and in accordance with the resolution of the appeal.

¶ 2 The relevant facts are undisputed. After her convictions for fraudulent schemes or artifices and theft, defendant was sentenced to prison and ordered to pay restitution in the amount of $65,466.03. The trial court ordered that restitution be paid "from 30 percent of compensation earned while in prison until paid in full or Defendant is released; any balance within 180 days of release." *See* Ariz.Rev.Stat. (A.R.S.) § 31–254(D)(4) (Supp. 2005) ("If a court has ordered the prisoner to pay restitution pursuant to § 13–603, thirty per cent of the prisoner's compensation shall be spent for the court ordered restitution."). Defendant filed a timely notice of appeal and her appeal is presently pending in this court. Since her commitment to prison, the Arizona Department of Corrections (DOC) has withheld money for restitution payments from defendant's earnings.

¶ 3 According to defendant, as of June 22, 2006, the DOC had withheld $13.79 from her wages and forwarded these monies to the Yavapai County Superior Court. In turn, the Clerk of the Yavapai County Superior Court has distributed this money to the victims.

¶ 4 Relying on Arizona Rules of Criminal Procedure 31.6, defendant moved this court

to order the DOC to stop taking 30 percent of her earnings pending the outcome of her appeal, and for an order restoring to her "all restitution previously withheld." Rule 31.6 states in relevant part "[a] sentence to pay a fine or restitution shall be stayed pending appeal."

¶ 5 The state opposed defendant's motion based on A.R.S. § 13–804(D) (2001). That statute provides:

> Restitution payments that are ordered pursuant to section 13–603 and this section shall not be stayed if the defendant files a notice of appeal, and payments may be held by the court pending the outcome of an appeal.

¶ 6 The parties agree that the statute and rule conflict, but disagree whether the right involved is procedural or substantive. Defendant argues that the rule is procedural and therefore controls over the statute. Defendant contends that enactment of § 13–804(D) was an impermissible encroachment on the Arizona Supreme Court's exclusive constitutional authority to promulgate rules of procedure. Ariz. Const. art. 6, § 5, par. 5. Defendant also argues that enforcement of the statute would violate the separation of powers provision in Article 3 of the Arizona Constitution.

¶ 7 The state argues that if a court rule and a legislative statute conflict, the statute controls if the matter is substantive. *See State v. Hawkins,* 140 Ariz. 88, 89, 680 P.2d 522, 523 (App.1984) (explaining that when rules and statutory enactments are in conflict, the statutes will govern when the matter is substantive, and the rules will prevail when the matter is merely procedural). The state argues that the "right not to timely make restitution payments while an appeal is pending is clearly a substantive right" and therefore the statute controls.

¶ 8 We begin our analysis by invoking the well-established principle that statutes are presumed constitutional and that appellate courts attempt to construe statutes in a constitutional manner when possible. *Baker v. Ariz. Dep't of Revenue,* 209 Ariz. 561, 564, ¶ 10, 105 P.3d 1180, 1183 (App. 2005). Furthermore, "[r]ules of procedure and statutes are read in conjunction with each other and harmonized whenever possible." *Groat v. Equity Am. Ins. Co.,* 180 Ariz. 342, 347, 884 P.2d 228, 233 (App.1994). With these principles in mind, we believe that Rule 31.6 and A.R.S. § 13–804(D), when read together and interpreted as explained below, do not conflict.

¶ 9 As set forth in A.R.S. § 13–603(C), restitution owed by a convicted person to a crime victim must "be paid to the clerk of the court for disbursement to the victim[.]" Section 13–804(D) provides that such payments, though not stayed pending an appeal, "*may be held by the court* pending the outcome of an appeal." (Emphasis added.) We believe these statutes and Rule 31.6 can be harmonized with one another by interpreting the rule as requiring that the clerk's payments *to the victim,* but not the defendant's payment to the clerk, be stayed and by construing the word "may" in § 13–804(D) as both authorizing and requiring the clerk to withhold disbursement of the restitution payments when a defendant's appeal is pending. *See Frye v. S. Phoenix Volunteer Fire Co.,* 71 Ariz. 163, 167, 224 P.2d 651, 654 (1950) (meaning of "may" as mandatory or permissive depends on legislative intent). If the defendant prevails on appeal, the superior court can refund any payments. If the defendant does not prevail on appeal, the superior court can distribute the payments to the victim, thus facilitating the victim's constitutional right to prompt payment of restitution. *See* Ariz. Const. art. 2, § 2.1(A)(8).

¶ 10 To summarize, Rule 31.6 stays restitution payments to victims pending appeal, but it does not stay the defendant's obligation under A.R.S. § 13–804(D) to make restitution payments to the clerk of the court pending the appeal. Pursuant to A.R.S. § 13–804(D), these payments are to be held by the clerk of the court and distributed only after issuance of the appellate mandate and in accordance with the resolution of the appeal.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge and PATRICIA A. OROZCO, Judge.