SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA, ) | Arizona Supreme Court |
| ) | No. CR-06-0459-PR |
| Appellee, ) | |
| ) | Court of Appeals |
| v. ) | Division One |
| ) | No. 1 CA-CR 05-0520 |
| KAREN MARIE HANSEN aka KAREN ) | |
| MARIE KENNEDY, ) | Yavapai County |
| ) | Superior Court |
| Appellant. ) | No. CR 2003-0191 |
| ) | |
| ) | |
| ) | **O P I N I O N** |
| _____ ) | |


Order of the Court of Appeals, Division One
Dated October 6, 2006

**AFFIRMED**
_____

Opinion of the Court of Appeals, Division One
214 Ariz. 34, 147 P.3d 1050 (2006)

**VACATED; REMANDED**
_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
    By   Randall M. Howe, Chief Counsel,
         Criminal Appeals Section
         Joseph T. Maziarz, Assistant Attorney General
Attorneys for State of Arizona

ABIGAIL JENSEN PC                                         Prescott
    By   Abigail Jensen
Attorney for Karen Marie Hansen
_____


**M c G R E G O R**, Chief Justice

¶1      Arizona  Revised  Statutes  (A.R.S.)  section  13-804.D

(2001) directs that "[r]estitution payments . . . shall not be

stayed if the defendant files a notice of appeal, and the payments may be held by the court pending the outcome of an appeal." Arizona Rule of Criminal Procedure 31.6 provides in relevant part that "[a] sentence to pay a fine or restitution shall be stayed pending appeal." This case requires us to decide whether A.R.S. § 13-804.D and Rule 31.6 conflict and, if so, which provision controls. For the reasons stated below, we hold that these provisions conflict and that A.R.S. § 13-804.D governs because it is a valid exercise of the legislature's rulemaking authority under the Victims' Bill of Rights (VBR), Article 2, Section 2.1 of the Arizona Constitution.

## I.

¶2    After being convicted of fraudulent schemes and artifices in violation of A.R.S. § 13-2310 (2001), and theft of $25,000 or more in violation of A.R.S. § 13-1802 (2001), petitioner Karen Marie Hansen was sentenced to concurrent terms of imprisonment and ordered to pay $65,466.03 in restitution. Consistent with A.R.S. § 31-254.D.4 (Supp. 2006), the Yavapai County Superior Court ordered Hansen to pay restitution "[f]rom 30 percent of compensation earned while in prison until paid in full or [she] is released; any balance [must be paid] within 180 days of release." As of June 22, 2006, the Arizona Department of Corrections (DOC) had withheld $13.79 from Hansen's wages earned while in prison and forwarded the money to the superior

2

court. The clerk of the court distributed the money to Hansen's victims.

¶3 Hansen appealed her convictions and, relying on Rule 31.6, moved the court of appeals to enjoin DOC from withholding restitution during the pendency of her appeal and to restore the money previously withheld.[1] The State opposed Hansen's motion on the ground that A.R.S. § 13-804.D, rather than Rule 31.6, controls because the relevant subject matter is substantive and within the sole province of the legislature. *Cf.* Ariz. Const. art. 3 (keeping "separate and distinct . . . the powers properly belonging" to the separate branches of government). Conceding that Rule 31.6 and A.R.S. § 13-804.D conflict, Hansen contended that the Rule should govern because the subject matter is procedural and A.R.S. § 13-804.D therefore constitutes an impermissible legislative encroachment on this Court's constitutional authority to promulgate rules of procedure. *See* Ariz. Const. art. 6, § 5, cl. 5 (conferring upon this Court the "[p]ower to make rules relative to all procedural matters in any court").

¶4 In an unpublished order dated October 6, 2006, the court of appeals denied Hansen's motion to stay her restitution

---

[1] Hansen's underlying appeal of her conviction is pending before the court of appeals and is not at issue here.

payments, but ordered that all withholdings be retained by the clerk of the superior court during the pendency of Hansen's appeal. The court of appeals subsequently issued an opinion explaining its order. *State v. Hansen*, 214 Ariz. 34, 147 P.3d 1050 (App. 2006). The court concluded that A.R.S. § 13-804.D and Rule 31.6 do not conflict, reasoning that, when read together, "Rule 31.6 stays restitution payments to victims pending appeal, but it does not stay the defendant's obligation under A.R.S. § 13-804(D) to make restitution payments to the clerk of the court pending the appeal." *Id.* at 35 ¶ 10, 147 P.3d at 1051. The court also determined that A.R.S. § 13-804.D *requires* courts to "withhold disbursement of . . . restitution payments when a defendant's appeal is pending." *Id.* at ¶ 9.

¶5 Hansen petitioned for review, which we granted because this case presents an issue of statewide importance. We invited the parties to submit supplemental briefs discussing whether A.R.S. § 13-804.D falls within the legislature's authority to enact procedural rules related to victims' rights under the VBR. We have jurisdiction under Article 6, Section 5, Clause 3 of the Arizona Constitution and Arizona Rule of Criminal Procedure 31.19.

## II.

¶6 Interpreting rules, statutes, and constitutional provisions raises questions of law, which we review de novo.

4

*See Pima County v. Pima County Law Enforcement Merit Sys. Council*, 211 Ariz. 224, 227 ¶ 13, 119 P.3d 1027, 1030 (2005) (rule and statute); *Duncan v. Scottsdale Med. Imaging, Ltd.*, 205 Ariz. 306, 308 ¶ 2, 70 P.3d 435, 437 (2003) (statute and constitution).

### A.

¶7　　　　When construing statutes, we apply "fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296 ¶ 8, 152 P.3d 490, 493 (2007) (quoting *Janson ex rel. Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991)). We employ the same approach when interpreting our rules. *State ex rel. Romley v. Superior Court* (*Stewart*), 168 Ariz. 167, 168-69, 812 P.2d 985, 986-87 (1991). Rules and statutes "should be harmonized wherever possible and read in conjunction with each other." *Phoenix of Hartford, Inc. v. Harmony Rests., Inc.*, 114 Ariz. 257, 258, 560 P.2d 441, 442 (App. 1977).

¶8　　　　Applying these principles, we conclude that A.R.S. § 13-804.D and Rule 31.6 cannot be harmonized. The statute and the rule contain patently contradictory instructions as to whether restitution payments are stayed pending appeal. The

5

statute states that the payments *shall not* be stayed during an appeal, and the rule directs that a sentence to pay restitution *shall* be stayed pending appeal. Although we attempt to construe statutes and rules in a way that averts needless constitutional tension, *State v. Gomez*, 212 Ariz. 55, 60 ¶ 28, 127 P.3d 873, 878 (2006), we cannot create harmony where none exists. Because the plain language of these two provisions conflicts, we next determine whether the statute or the rule prevails.

**B.**

¶9      Under the Arizona Constitution, the legislature possesses those powers "not expressly prohibited or granted to another branch of the government." *Adams v. Bolin*, 74 Ariz. 269, 283, 247 P.2d 617, 626 (1952). Because "[t]he Constitution . . . vests the power to make procedural rules exclusively in this court," however, "the legislature lacks authority to enact a statute 'if it conflicts with or "tends to engulf"' this court's . . . rulemaking authority." *State ex rel. Napolitano v. Brown*, 194 Ariz. 340, 342 ¶ 6, 982 P.2d 815, 817 (1999) (quoting *State v. Robinson*, 153 Ariz. 191, 197, 735 P.2d 801, 807 (1987)). Accordingly, when a statute and rule conflict, we traditionally inquire into whether the matter regulated can be characterized as substantive or procedural, the former being the legislature's prerogative and the latter the province of this

6

Court.  *See, e.g., id.* at ¶¶ 5-7; *Marsin v. Udall*, 78 Ariz. 309, 312, 279 P.2d 721, 723 (1955).

¶10     The State contends, and Hansen concedes, that if A.R.S. § 13-804.D is substantive, it indisputably governs.  *See State v. Murray*, 194 Ariz. 373, 375 ¶ 6, 982 P.2d 1287, 1289 (1999) ("Within constitutional limits, the legislature is vested with plenary power to change the substantive law prospectively . . . ."); *see also Brown*, 194 Ariz. at 342 ¶ 5, 982 P.2d at 817 ("In Arizona, the legislature is endowed with the legislative power of the State, and has plenary power to consider any subject within the scope of government unless the provisions of the Constitution restrain it.").  The State further argues, however, that even if the statute is procedural, A.R.S. § 13-804.D constitutes a valid exercise of the legislature's procedural rulemaking powers under the VBR.  Because resolution of the State's second argument potentially avoids the need to characterize the statute as substantive or procedural, we assume, without deciding, that A.R.S. § 13-804.D is procedural.

¶11     In 1990, the voters amended the Arizona Constitution to include the VBR.  *See* Ariz. Const. art. 2, § 2.1; *State v. Roscoe*, 185 Ariz. 68, 70, 912 P.2d 1297, 1299 (1996).  Two provisions of the VBR permit the legislature to enact procedural rules in the context of victims' rights.  Article 2, Section 2.1(A)11 of the Arizona Constitution provides that "a victim of

7

crime has a right" to "have all rules governing criminal procedure and the admissibility of evidence in all criminal proceedings protect victims' rights and to have these rules be subject to amendment or repeal by the legislature to ensure the protection of these rights." Article 2, Section 2.1(D) provides that "[t]he legislature, or the people by initiative or referendum, have the authority to enact substantive and procedural laws to define, implement, preserve and protect the rights guaranteed to victims by this section."

¶12     The legislature's power to promulgate rules under the VBR is not unlimited. "[T]he scope of legislative rulemaking power under the VBR extends to those rules that define, implement, preserve, and protect the specific rights unique and peculiar to crime victims, as guaranteed and created by the VBR." *Brown*, 194 Ariz. at 343 ¶ 11, 982 P.2d at 818; *see also Slayton v. Shumway*, 166 Ariz. 87, 92, 800 P.2d 590, 595 (1990) (explaining that the legislature's rulemaking authority under the VBR extends only to "procedural rules pertaining to victims and not [to] the substantive general subject of the rulemaking power").

¶13     In *Brown*, we rejected an argument that the legislature exercised its rulemaking power under the VBR when it adopted statutory time limits for filing petitions for post-conviction relief that conflicted with Arizona Rule of Criminal Procedure

8

32.4.c. 194 Ariz. at 341 ¶¶ 1-2, 982 P.2d at 816. We based our conclusion on three considerations. "Most importantly," because the statute did "not create rights or involve rights unique and specific to victims" and did not "protect the enumerated rights of the VBR," it exceeded the legislature's limited rulemaking authority under the VBR. *Id.* at 343-44 ¶¶ 11-13, 982 P.2d at 818-19. In addition, no evidence "support[ed] the State's contention that the legislature enacted the [statute] pursuant to the VBR." *Id.* at 342 ¶ 9, 982 P.2d at 817. Finally, it was unclear whether the statute in question actually advanced victims' rights. *Id.* at 342-43 ¶ 10, 982 P.2d at 817-18.

¶**14** We conclude that, unlike the statute we considered in *Brown*, A.R.S. § 13-804.D falls within the legislature's rulemaking power under the VBR for several reasons. First, and most importantly, this statute affects rights unique and specific to victims. One of the rights specifically enumerated in the VBR is the right to "receive prompt restitution from the person or persons convicted of the criminal conduct that caused the victim's loss or injury." Ariz. Const. art. 2, § 2.1(A)8. Indeed, we have previously explained that "the right to receive prompt restitution from the perpetrator or perpetrators" is "unique and peculiar to crime victims." *Brown*, 194 Ariz. at 343 ¶ 12, 982 P.2d at 818. Because the text of A.R.S. § 13-804.D "involve[s] rights unique and specific to victims" and will

9

"protect [an] enumerated right[] of the VBR," it is more likely to fall within the legislature's rulemaking authority under the VBR. *Id.* at 343-44 ¶ 13, 982 P.2d at 818-19.

¶15 Second, legislative history indicates that the legislature intended to exercise its VBR authority when it enacted A.R.S. § 13-804.D. *Cf. Brown*, 194 Ariz. at 342 ¶ 9, 982 P.2d at 817 (considering lack of evidence that legislature intended to exercise its VBR authority relevant in rejecting claim that legislature had enacted a statute pursuant to the VBR). Proposed initially as House Bill (H.B.) 2015, 43d Leg., 1st Reg. Sess. (Ariz. 1997), the session law later codified in part as A.R.S. § 13-804.D is titled "[a]n act . . . relating to crime victims' rights." 1997 Ariz. Sess. Laws 853, 853, 1st Reg. Sess., ch. 126. Moreover, the legislature apparently intended to implement a victim's right to prompt restitution despite the existence of competing rights. *See Senate Fact Sheet for H.B. 2015*, 43d Leg., 1st Reg. Sess. (Ariz. 1997) (explaining that under H.B. 2015, restitution payments will "not be stayed pending an appeal" because "under the constitution, all victims who receive compensation are to receive 'prompt restitution,'" but recognizing that "[t]he situation becomes problematic when the defendant exercises his or her right to appeal the restitution decision").

¶16     Finally, A.R.S. § 13-804.D advances victims' rights by permitting payments during an appeal.  Rule 31.6, promulgated well before passage of the VBR, *see* Ariz. R. Crim. P. 31.6 (1973), automatically stays "[a] sentence to pay a fine or restitution . . . pending appeal."  Conversely, A.R.S. § 13-804.D prohibits staying restitution payments and, while permitting payments to be "held by the court pending the outcome of an appeal," abandons the automatic stay previously required under Rule 31.6.  Because the statute enhances the likelihood that victims of crime will receive prompt restitution, the statute advances victims' rights.

¶17     Because the legislature enacted A.R.S. § 13-804.D to protect an enumerated right in the VBR that is unique and specific to victims, and because A.R.S. § 13-804.D also advances this right, we conclude that the statute falls within the legislature's limited rulemaking authority under the VBR.  *See* Ariz. Const. art. 2, § 2.1(A)11, (D).

### III.

¶18     For these reasons, we affirm the order of the court of appeals dated October 6, 2006, vacate the subsequent opinion of the court of appeals providing the rationale for its order, and remand to the court of appeals for further proceedings consistent with this opinion.

11

_____
                    Ruth V. McGregor, Chief Justice

CONCURRING:


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice