IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA ex rel. ALLISTER ADEL, Maricopa County
Attorney, *Petitioner,*

*v.*

THE HONORABLE MAX COVIL, Commissioner of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Commissioner,*

ANTHONY OMAR SANTIAGO MORALES, *Real Party in Interest.*

---

SEAN WILDER, *Petitioner,*

*v.*

THE HONORABLE JOSHUA YOST, Commissioner of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Commissioner,*

STATE OF ARIZONA ex rel. ALLISTER ADEL, Maricopa County
Attorney, *Real Party in Interest.*

---

LAURENCE LEE LAWRENCE, *Petitioner,*

*v.*

THE HONORABLE JAY ADELMAN, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

STATE OF ARIZONA ex rel. ALLISTER ADEL, Maricopa County
Attorney, *Real Party in Interest.*

Nos. 1 CA-SA 20-0162, 1 CA-SA 20-0163, 1 CA-SA 20-0173
(Consolidated)
FILED 8-5-2021

Petitions for Special Action from the Superior Court in Maricopa County
Nos. CR2020-125860-001, CR 2020-126564-001, CR2020-116408-001
The Honorable Max Covil, Commissioner; The Honorable Joshua Yost,
Commissioner; The Honorable Jay Adelman, Judge

**JURISDICTION ACCEPTED, RELIEF GRANTED, RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for State of Arizona*

Maricopa County Public Defender's Office, Phoenix
By Michelle L. Young
*Counsel for Anthony Omar Santiago Morales*

Maricopa County Public Defender's Office, Phoenix
By John D. Gattermeyer, Ashley R. Oddo
*Counsel for Sean Wilder*

Maricopa County Public Defender's Office, Phoenix
By Kacie T. Nickel, Jamie A. Jackson
*Counsel for Laurence Lawrence*

**OPINION**

Judge Peter B. Swann delivered the opinion of the court, in which Presiding
Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop[1] joined.

---

[1]     Judge Lawrence F. Winthrop was a sitting member of this court
when the matter was assigned to this panel of the court. He retired effective
June 30, 2021. In accordance with the authority granted by Article 6, Section

2

**S W A N N**, Judge:

¶1   These consolidated special actions present the question whether the superior court may continue in-custody defendants' preliminary hearings upon finding "that extraordinary circumstances exist and that delay is indispensable to the interests of justice" under Ariz. R. Crim. P. ("Rule") 5.1(c)(2). By order, we accepted jurisdiction and answered that question in the affirmative. We write now to explain our ruling.

¶2   We accepted jurisdiction because we are faced with a purely legal question of first impression that is of statewide importance and is likely to recur. *Vo v. Superior Ct. (State)*, 172 Ariz. 195, 198 (App. 1992). We review the interpretation of rules de novo, "apply[ing] 'fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction.'" *State v. Hansen*, 215 Ariz. 287, 289, ¶¶ 6–7 (2007) (citation omitted). In the case of ambiguity, we determine meaning "by reading the [rule] as a whole, giving meaningful operation to all of its provisions, and by considering factors such as the [rule]'s context, subject matter, historical background, effects and consequences, and spirit and purpose." *Zamora v. Reinstein*, 185 Ariz. 272, 275 (1996).

¶3   Rule 5.1(a) provides that a felony defendant must be afforded a preliminary hearing no later than 10 days after his or her initial appearance if he or she is in custody,[2] and no later than 20 days after his or her initial appearance if he or she is not in custody, "unless . . . the magistrate orders the hearing continued under (c)." Subsection (c) provides:

---

3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Winthrop as a judge *pro tempore* in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during his term in office.

[2] In response to the COVID-19 pandemic, our supreme court extended the 10-day deadline for in-custody defendants to "twenty (20) days from an initial appearance that occurs through September 30, 2020." Ariz. Sup. Ct. Admin. Order 2020-114 at § III, ¶ 2. Though that extension may be relevant in individual cases, it plays no role in our analysis of the Rule.

(c) Continuance.

(1) *Release Absent Continuance.* If a preliminary hearing for an in-custody defendant did not commence within 10 days as required under (a) *and was not continued*, the defendant must be released from custody, unless the defendant is charged with a non-bailable offense, in which case the magistrate must immediately notify that county's presiding judge of the reasons for the delay.

(2) *Continuance.* On motion or on its own, a magistrate may continue a preliminary hearing beyond the 20-day deadline specified in (a). A magistrate may continue the hearing only if it finds that extraordinary circumstances exist and that delay is indispensable to the interests of justice. The magistrate also must file a written order detailing the reasons for these findings. The court must promptly notify the parties of the order.

(Emphasis added.)

¶4        By its plain language, Rule 5.1 provides in subsections (a) and (c)(1) that the court may continue preliminary hearings for in-custody defendants—subsection (a) lists continuance as a generally applicable exception, and subsection (c)(1) makes clear that continuance is a possibility for in-custody cases. (By contrast, former Rule 5.1, abrogated effective 2018, did not list continuance as an exception in subsection (a), and it provided in subsection (c) that violation of the 10-day deadline would mandate the defendant's automatic release. *See* Rule 5.1 (2017).) And though neither subsection (a) nor subsection (c)(1) set forth a standard for continuance, subsection (c)(2) does.

¶5        We are unpersuaded by the argument that subsection (c)(2)—broadly titled "Continuance"—applies only to out-of-custody defendants. To be sure, subsection (c)(2)'s first sentence, by its reference to the 20-day deadline, recognizes (consistent with subsection (a)) that continuance is available in out-of-custody cases. But nothing in subsection (c)(2)'s next sentence, which sets forth the standard for continuance, limits that standard's application to out-of-custody cases. *Cf.* Rule 5.1 (2017). To the extent that subsection (c)(2)'s mention of the 20-day deadline could be said to create ambiguity regarding the scope of the continuance standard, that ambiguity is easily resolved by reading the rule as a whole and considering its purpose. The rule clearly contemplates that preliminary hearings may

be continued for in-custody and out-of-custody defendants alike, and it clearly sets forth a standard for continuance. In the absence of express language to the contrary, it would be nonsensical to require the court to create a novel standard to order continuances in in-custody cases. We hold that in both in-custody and out-of-custody cases, the superior court may continue preliminary hearings when, consistent with Rule 5.1(c)(2), "it finds that extraordinary circumstances exist and that delay is indispensable to the interests of justice."

¶6        Here, the consolidated special actions concern in-custody defendants who, for reasons related to COVID-19, were not transported to court for their preliminary hearings by the deadline prescribed by Rule 5.1 and Ariz. Sup. Ct. Admin. Order 2020-114. The superior court applied Rule 5.1 to continue the hearings in 1 CA-SA 20-0163 (*Wilder v. Superior Court (State)*) and 1 CA-SA 20-0173 (*Lawrence v. Superior Court (State)*). We denied relief in those special actions because the court correctly interpreted and reasonably applied Rule 5.1. By contrast, in 1 CA-SA 20-0162 (*State v. Superior Court (Morales)*), we granted relief because the superior court erroneously concluded that the court had no discretion to continue the hearing under Rule 5.1.[3]



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[3]        We reject the defendant's contention that the court released him under Rule 7.4, which permits modification of release conditions. Though the minute entry ordering the release referred to the defendant's "Motion to Modify Release Conditions," the transcript of the hearing reveals that the defendant sought release under Rule 5.1 only and that the court ordered release under Rule 5.1.