IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA,
*Petitioner*,

*v.*

HONS. SEAN E. BREARCLIFFE, GARYE L. VASQUEZ, AND KARL C. EPPICH,
JUDGES OF THE STATE OF ARIZONA, IN AND FOR COURT OF APPEALS,
DIVISION TWO,
*Respondents*,

PHILLIP MATHEW JOHNSON,
*Real Party in Interest*.

No. CV-21-0174-SA
Filed March 24, 2023

Appeal from the Superior Court in Pima County
The Honorable Howard J. Fell, Judge Pro Tempore
No. CR20171194-001
**REMANDED**

Order of the Court of Appeals, Division Two
No. 2 CA-CR 20-0070
Filed June 30, 2021
**VACATED**

COUNSEL:

Kristen K. Mayes, Arizona Attorney General, Joshua Bendor, Solicitor General, Tanja K. Kelly, Jacob R. Lines (argued), Assistant Attorneys General, Criminal Appeals Section, Tucson, Attorneys for State of Arizona

Amy P. Knight (argued), Knight Law Firm, PC, Tucson, Attorney for Phillip Matthew Johnson

Pima County Public Defender's Office, Sarah L. Mayhew (argued), Deputy Public Defender, Tucson; and Pima County Legal Defender's Office, Robb P. Holmes, Deputy Legal Defender, Tucson, Attorneys for Amici Curiae Pima County Public Defender's Office and Pima County Legal Defender's Office

---

JUSTICE BEENE authored the Opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER and JUSTICES BOLICK, LOPEZ, MONTGOMERY, and KING joined.

---

JUSTICE BEENE, Opinion of the Court:

**¶1**      Under A.R.S. § 13-4033(C),[1] if a defendant's absence prevents sentencing from occurring within ninety days after conviction, the defendant cannot appeal unless it is proven "by clear and convincing evidence at the time of sentencing that the absence was involuntary." In this case, we consider the safeguards that must be afforded a defendant before the right to appeal can be divested under § 13-4033(C). We conclude that before the right to appeal is abrogated: (1) the defendant must receive notice that the right may be waived if his or her absence prevents sentencing from occurring within ninety days after conviction; (2) the waiver must be knowing, intelligent, and voluntary; and (3) the defendant must be provided an opportunity at sentencing to prove by clear and convincing evidence that the absence was involuntary.

---

[1]      The legislature amended § 13-4033 effective January 1, 2023. *See* 2021 Ariz. Sess. Laws ch. 432, § 2 (1st Reg. Sess.). Here, we cite the version of § 13-4033 in effect at the time of sentencing. *See State v. Newton*, 200 Ariz. 1, 2 ¶ 3 (2001).

**BACKGROUND**

**¶2**        In March 2017, Phillip Johnson was indicted on several felony offenses.   At his initial appearance and arraignment, in compliance with Arizona Rule of Criminal Procedure 14.4(e)(6),[2] the trial court advised Johnson that if he was convicted at trial and his absence prevented the court from sentencing him within ninety days of his conviction, he could lose his right to a direct appeal.   At this proceeding, Johnson signed a document that included the following admonition: "I know if I fail to appear at court the court case and any trial can continue in my absence and that if I fail to appear for sentencing within 90 days of my conviction, I may lose my right to a direct appeal."

**¶3**        About two years later, Johnson's trial began.   Johnson was present for all four days but, on the afternoon of the fourth day, he fled to California.   The jury convicted him of multiple offenses and the court issued a warrant for his arrest.   On January 23, 2020, 167 days after his conviction, he was arrested.

**¶4**        At sentencing, Johnson offered no explanation regarding his absence and the resultant delay in sentencing.   At the conclusion of the hearing, the court advised Johnson that, "[b]ecause you had the trial . . . you have, as you know, the right to appeal."   The State did not assert, at the time, that Johnson had waived his right to appeal under § 13-4033(C).

**¶5**        Johnson filed a notice of appeal.   The State then filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the court of appeals did not have jurisdiction over Johnson's appeal under § 13-4033(C) and *State v. Bolding*, 227 Ariz. 82 (App. 2011).   The State also argued the court of appeals wrongly decided *State v. Raffaele*, 249 Ariz. 474 (App. 2020),

---

[2]        Although this rule was numbered differently at the time of Johnson's conviction in 2017, we refer to the current rule throughout because the substance remained the same and the parties referenced this version throughout the appellate proceedings.

asserting that the court erroneously interpreted § 13-4033(C) as imposing a fact-finding requirement on trial courts.

**¶6**         The court of appeals denied the motion.   A specially concurring judge agreed that *Bolding* allows for an implied waiver rather than an express waiver.   Nonetheless, this judge reasoned that a trial court finding is required and that *Raffaele* does not contradict *Bolding* because *Bolding* does not dictate how or when the trial court must make such a finding.

**¶7**         We granted review to determine whether § 13-4033(C) requires notice at sentencing and an opportunity to show that the absence was involuntary.   This is a question of statewide concern and is likely to recur.   We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

## DISCUSSION

**¶8**         "We review questions of statutory interpretation de novo." *Am. Civ. Liberties Union of Ariz. v. Ariz. Dep't of Child Safety*, 251 Ariz. 458, 461 ¶ 11 (2021).

### I.

**¶9**         In Arizona, criminal defendants have a constitutional "right to appeal in all cases."   Ariz. Const. art. 2, § 24.   The legislature later specified that a defendant may appeal a "final judgment of conviction." *See* § 13-4033(A)(1).   Like most constitutional rights, the right to appeal a criminal conviction can be waived, *Bolding*, 227 Ariz. at 88 ¶ 18, and a defendant can affirmatively waive this constitutional right "as long as the waiver is knowing, voluntary[,] and intelligent." *State v. Hampton*, 208 Ariz. 241, 243–44 ¶ 7 (2004) (discussing the ways a defendant can waive the right to counsel).   However, even without an affirmative waiver, a defendant can "implicitly waive" a constitutional right by engaging in certain conduct. *Id.* at 244 ¶ 7; *see also State v. Greenawalt*, 128 Ariz. 150, 158 (1981) (recognizing implicit waiver of the right to remain silent); *State v. Hall*, 136 Ariz. 219, 222 (App. 1983) (recognizing implicit waiver of the right to be present at trial). In some circumstances, "dilatory conduct" by a defendant will support a

finding that the defendant waived a constitutional right. *See Hampton*, 208 Ariz. at 244 ¶ 7. Importantly, an implicit waiver can occur only after the court warns a defendant that his or her conduct may result in the loss of the right. *Id*.

¶10 Additionally, it is well-established that the burden of proving waiver of a constitutional right falls on the state. *See Brewer v. Williams*, 430 U.S. 387, 404 (1977) (observing that "it was incumbent upon the state to prove 'an intentional relinquishment or abandonment of a known right or privilege.'" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))); *Barker v. Wingo*, 407 U.S. 514, 529 (1972) (stating that, for claimed waiver of fundamental rights, the Supreme Court has "placed the entire responsibility on the prosecution to show that the claimed waiver was knowingly and voluntarily made").

## II.

### A.

¶11 We granted review to determine whether § 13-4033(C) requires prior notice of its application and an opportunity at sentencing to prove that the absence was involuntary.

¶12 Section 13-4033(C) states: "A defendant may not appeal under subsection A, paragraph 1 or 2 of this section if the defendant's absence prevents sentencing from occurring within ninety days after conviction *and* the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." (Emphasis added.) "To determine a statute's meaning, we look first to its text," *State v. Burbey*, 243 Ariz. 145, 147 ¶ 7 (2017), and we give words "their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended." *Arizona ex rel. Brnovich v. Maricopa Cnty. Cmty. Coll. Dist. Bd.*, 243 Ariz. 539, 541 ¶ 7 (2018) (quoting *State v. Miller*, 100 Ariz. 288, 296 (1966)). Section 13-4033(C)'s structure reveals that it contains two distinct provisions: (1) its predicate provision outlines the circumstances under which a defendant's actions may constitute a waiver of the right to appeal,

and (2) its subsequent provision describes the defendant's obligation and opportunity to prove that his or her absence was involuntary.

¶13 Notably, the language of the statute itself commands that there be an opportunity for the defendant to prove that his or her absence was involuntary before the right to appeal is divested. § 13-4033(C). The statute precludes an appeal only if both conditions are met. *Id.* The first and second conditions are joined with the conjunction "and," which indicates that both are equally important. *Id.* Moreover, the ordinary meaning of the words in the subsequent provision also supports this conclusion. For example, "fail" means "to fall short" or "to be unsuccessful." *Fail*, Merriam-Webster, https://www.merriam-webster .com/dictionary/fail (last visited Mar. 2, 2023). A defendant naturally cannot "fall short" or "be unsuccessful" in proving the involuntary nature of the absence if he or she is never afforded the opportunity to succeed. Therefore, the text necessarily requires that the trial court explicitly afford a defendant an opportunity to prove the involuntary nature of his or her absence.

¶14 Given this understanding of § 13-4033(C)'s text, we now turn to case law that has interpreted this statute.

**B.**

¶15 The seminal case construing § 13-4033(C)'s enforceability is *Bolding*. *See, e.g.*, *State v. Sahagun-Llamas*, 248 Ariz. 120, 127 ¶ 28 (App. 2020) (relying heavily on *Bolding* in construing § 13-4033(C)). In *Bolding*, the court of appeals concluded that a defendant may waive the right to appeal "only if the waiver is knowing, voluntary, and intelligent." 227 Ariz. at 88 ¶ 18. The court further stated that the "absence [of a defendant] is voluntary if the defendant had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in his or her absence should he or she fail to appear." *Id.* ¶ 19 (alteration in original) (quoting Ariz. R. Crim. P. 9.1). Because the defendant in *Bolding* was never warned that delaying sentencing could result in losing his right to appeal, the court could not infer waiver from the record, and § 13-4033(C)

could not "be applied to [the defendant] in a constitutional manner." *Id.* ¶ 20.

**¶16** Combining the plain meaning of § 13-4033(C) with *Bolding*'s notice requirement as a condition of constitutional application, we conclude that § 13-4033(C) is enforceable only if the defendant's waiver is determined to be knowing, voluntary, and intelligent. To prove this, the state is required to show that the defendant was notified that delaying sentencing by absconding for more than ninety days could result in a waiver of the right to appeal. Because this right is a constitutional guarantee, until this predicate is established, impliedly or otherwise, § 13-4033(C) does not trigger the defendant's obligation to prove the absence was involuntary. Additionally, because the defendant may only disprove the voluntary nature of an absence at sentencing, the statute implicitly requires the court to affirmatively give the defendant the opportunity to make that showing to avoid waiving his or her appellate rights.

**¶17** Here, the first part of § 13-4033(C) was satisfied. The trial court advised Johnson that if he was convicted at trial and his absence prevented the court from sentencing him within ninety days of his conviction, he could lose his right to appeal. Johnson also signed a document acknowledging this admonition. However, because the trial court did not inform Johnson at sentencing that he had the opportunity to avoid waiving his right to appeal under § 13-4033(C) if he proved that his absence was involuntary, he was not afforded the requisite opportunity to present evidence regarding his absence at sentencing. Instead, the trial judge erroneously advised Johnson that he had a right to appeal. Because § 13-4033(C) is designed to preclude the right to appeal to an absconding defendant who fails to prove that his absence from sentencing was involuntary, the proper relief is not to restore the right to a nonqualifying defendant. Instead, the proper remedy is to remand the case for a hearing to permit Johnson to attempt to prove that his absence was involuntary.

**III.**

**¶18** Lastly, we address two additional issues raised by the parties. First, the State asserts that the court of appeals erred in relying on *Raffaele*,

249 Ariz. 474, in denying its motion to dismiss Johnson's appeal. The State contends that *Raffaele* improperly expanded *Bolding* by requiring trial courts to make an express finding that the defendant's waiver of the right to appeal was knowing, voluntary, and intelligent. *See Raffaele*, 249 Ariz. at 478–79 ¶¶ 12–13, 15. Though the specially concurring judge endeavored to reconcile the alleged disparities between *Bolding* and *Raffaele*, we disavow *Raffaele* to the extent it may be construed to require trial courts to find that a defendant expressly waived the right to appeal. This interpretation of § 13-4033(C) requires more from trial courts than is statutorily required. *See* Part II(B).

**¶19** The best practice for a trial court would be to make an express finding on waiver. However, in the absence of a trial court finding of an implied waiver, a reviewing court on appeal may examine the record and determine whether the defendant proved that the absence was involuntary if the trial court notified the defendant at sentencing of the right to rebut an implied waiver. *See State v. Evans*, 125 Ariz. 401, 403 (1980) ("In any determination of whether there has been a competent waiver of constitutional rights, the better practice would be for the trial judge to make specific findings, but if the record is adequate[,] the absence of specific findings is not reversible error.").

**¶20** Second, Johnson argues that § 13-4033(C) is unconstitutional because it is a procedural law that usurps this Court's rulemaking authority. We disagree.

**¶21** Article 6, section 5(5) of the Arizona Constitution gives this Court exclusive authority over procedural rulemaking. "The legislature may properly enact statutory procedures that supplement, rather than conflict with, rules this Court has promulgated, but 'in the event of irreconcilable conflict between a procedural statute and a rule, the rule prevails.'" *Duff v. Lee*, 250 Ariz. 135, 138 ¶ 12 (2020) (quoting *Seisinger v. Siebel*, 220 Ariz. 85, 89 ¶ 8 (2009)). Accordingly, we first determine whether an irreconcilable conflict exists between the statute and the rule. If no conflict exists, we do not need to determine whether the statute is substantive or procedural. *See Duff*, 250 Ariz. at 139 ¶¶ 12, 20.

**¶22**        In construing statutes and court rules, we apply "fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *State v. Hansen*, 215 Ariz. 287, 289 ¶ 7 (2007) (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296 ¶ 8 (2007)). Also, when conducting this analysis, "[w]e do not hastily find a clash between a statute and court rule," *Graf v. Whitaker*, 192 Ariz. 403, 406 ¶ 11 (App. 1998), and "avoid interpretations that unnecessarily implicate constitutional concerns," *Scheehle v. Justices of the Sup. Ct. of Ariz.*, 211 Ariz. 282, 288 ¶ 16 (2005). Thus, the rules and statutes "should be harmonized wherever possible and read in conjunction with each other." *Hansen*, 215 Ariz. at 289 ¶ 7 (quoting *Phx. of Hartford, Inc. v. Harmony Rests., Inc.*, 114 Ariz. 257, 258 (App. 1977)).

**¶23**        Johnson asserts that § 13-4033(C) is an invalid procedural law because it conflicts with Arizona Rule of Criminal Procedure 31.13(a). Johnson misconstrues the rule. Rule 31.13(a)(1) outlines the timeframe for filing an opening brief and provides that "[i]f an appellant does not timely file an opening brief, the appellate court may dismiss the appeal on motion or on its own." Reading Rule 31.13(a) in conjunction with § 13-4033(C), we conclude that Rule 31.13(a) does not constitute an "irreconcilable conflict" with § 13-4033(C). The rule contemplates the possible dismissal of an untimely filed brief, while § 13-4033(C) provides for something entirely different—the revocation of a defendant's right to appeal if the circumstances specified in the statute are established. Consequently, no conflict exists between § 13-4033(C) and Rule 31.13(a).

**¶24**        Moreover, Johnson fails to account for the relationship between Rule 14.4(e)(6) and § 13-4033(C). Rule 14.4(e)(6) requires the trial court to inform a defendant that the right to appeal may be lost if the defendant's absence causes sentencing to be delayed more than ninety days after conviction. Again, reading the statute in conjunction with Rule 14.4(e)(6) does not reveal any conflict, much less an irreconcilable one. In fact, Rule 14.4(e)(6) supplements and supports § 13-4033(C)'s directive. Accordingly, because no conflict exists between § 13-4033(C) and

Rules 14.4(e)(6) and 31.13(a), we need not determine whether § 13-4033(C) is substantive or procedural. *See Duff*, 250 Ariz. at 139 ¶¶ 12, 20.

## CONCLUSION

**¶25** We vacate the court of appeals' order and remand to the trial court to provide Johnson an opportunity under § 13-4033(C) to "prove by clear and convincing evidence at the time of sentencing that the absence was involuntary."