NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ALLAN J. MOORE, JR., *Petitioner/Appellee*,

*v.*

CYNTHIA RENEE DASILVA, *Respondent/Appellant*.

No. 1 CA-CV 22-0557 FC
FILED 5-4-2023

Appeal from the Superior Court in Maricopa County
No.  FN2004-000106
The Honorable Suzanne Marie Nicholls, Judge

**REVERSED**

COUNSEL

McKeddie Cooley PLLC, Scottsdale
By Justin R. Cooley, Melanie C. McKeddie
*Counsel for Petitioner/Appellee*

Yvonne Yragui PC, Phoenix
By Yvonne Yragui
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Angela K. Paton and Judge D. Steven Williams joined.

---

**P E R K I N S**, Judge:

¶1   Cynthia DaSilva appeals the superior court's order granting Allan Moore's motion to correct the record under Arizona Rule of Family Law Procedure 85. For the following reasons, we reverse.

## FACTS AND PROCEDURAL BACKGROUND

¶2   This dispute arises out of a divorce, which was first filed in 2004. As part of the asset distribution of Moore's retirement account, DaSilva received an overpayment of $7,819.53. Moore filed three motions in 2008 requesting relief. The superior court granted judgment in favor of Moore for the overpayment amount under Arizona Rule of Family Law Procedure ("Rule") 85 ("2009 Judgment").

¶3   Later that year, DaSilva filed for bankruptcy. Approximately four months later, the bankruptcy court entered default judgment and declared the 2009 Judgment non-dischargeable. *See* 11 U.S.C. § 523(a)(15). Moore took no action on the 2009 Judgment for almost five years.

¶4   In April 2014, the Maricopa County clerk of court accepted an affidavit to renew the judgment under Section 12-1612. Moore then filed two garnishment actions. DaSilva moved to dismiss the garnishments and sanction Moore, arguing he failed to timely renew the judgment. Twelve days later, DaSilva filed a notice to withdraw her motion to dismiss the garnishment ("Notice to Withdraw") and moved to discharge the garnishees. The court granted DaSilva's motion to dismiss, in essence taking no action on the Notice to Withdraw ("2015 Order").

¶5   DaSilva moved to vacate the 2015 Order based on the Notice to Withdraw and asked the court to discharge the garnishees. The superior court discharged the garnishees but left the 2015 Order in place. Over the next ten months, the parties engaged unsuccessfully in various collection efforts. Two years later, in March 2018, Moore filed an affidavit to renew the judgment. Following the affidavit, Moore took no action on the 2009 Judgment for more than three years.

¶6            In September 2020, Moore petitioned the court to conduct a judgment debtor exam to recover the 2009 Judgment. DaSilva moved to dismiss the petition, arguing that in its 2015 Order the superior court had ruled the 2009 Judgment was expired and uncollectable. Moore responded, arguing that the court improperly granted DaSilva's motion to dismiss in the 2015 Order because DaSilva had withdrawn the motion and filed a motion to vacate the order. The superior court dismissed the petition ("2020 Order"), reasoning that "nowhere is it indicated that the court's [2015 Order] was set aside . . . The [2015 Order] is a valid judgment and the [c]ourt's findings remain intact . . . [and Moore] has again sought to pursue legal action on an expired, unenforceable judgment."

¶7            For the next fifteen months, Moore took no action. Then, Moore filed a motion to correct the record under Arizona Rule of Family Procedure 85(a). The superior court granted relief under Rule 85(a) and (b)(6) ("2022 Order"), reasoning that the "2015 Order was improperly entered due to [DaSilva]'s earlier filed *Notice of Withdrawal*," (emphasis in original), and that the 2020 Order "failed to consider [DaSilva]'s *Notice of Withdrawal*." (Emphasis in original).

¶8            DaSilva timely appealed and we have jurisdiction under A.R.S. § 12-2101(A)(1), (4).

## DISCUSSION

¶9            DaSilva challenges the superior court's 2022 Order, arguing that the court erred in granting relief under either Rule 85 subsection (a), or subsection (b)(6). We do not address whether the 2009 Judgment was properly renewed because, as Moore correctly points out, "that issue is not before this Court." Our analysis is confined to whether the superior court abused its discretion by granting relief under Rule 85. *See Quijada v. Quijada*, 246 Ariz. 217, 220, ¶ 7 (App. 2019). We review the superior court's grant of Rule 85 relief for an abuse of discretion and will affirm "unless undisputed facts and circumstances require a contrary ruling." *See City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985) (cleaned up).

## I.       Any Other Reason Justifying Relief

¶10          DaSilva argues that the superior court erred in granting relief *sua sponte* under Rule 85(b)(6). We agree. We interpret procedural rules *de novo*, *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 167, ¶ 14 (App. 2004), and using principles of statutory interpretation. *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7 (2007). "Statutory interpretation requires us to determine the meaning of the words the legislature chose to use. We do so neither narrowly nor

liberally, but rather according to the plain meaning of the words in their broader statutory context, unless the legislature directs us to do otherwise." *S. AZ Home Builders Assoc. v. Town of Marana*, --- Ariz. ---, ¶ 31, 522 P.3d 671, 676 (2023).

**¶11**        Rule 85(b)(6) states, "[*o*]*n motion* and on such terms as are just, the court may relieve a party or its legal representative from a judgment for . . . any other reason justifying relief." Ariz. R. Fam. Law P. 85(b)(6) (emphasis added). As distinguished from Rule 85(a), which states "A court must correct a clerical mistake or a mistake arising from oversight or omission if one is found in a judgment. The court may do so on motion or *on its own*, with notice." Ariz. R. Fam. Law P. 85(a) (emphasis added). The plain language of Rule 85(a) thus allows the court "on its own" to grant relief. Ariz. R. Fam. Law P. 85(a). But Rule 85(b) requires a motion before the court can provide relief under that subsection. Ariz. R. Fam. Law P. 85(b).

**¶12**        Moore requested relief under Rule 85(a) but did not raise any of the Rule 85(b) criteria. Yet the superior court granted relief under both Rule 85(a) and (b)(6). We reverse the court's ruling as to relief under Rule 85(b) because it does not authorize the superior court to grant such relief on its own initiative.

## II.    Clerical Mistakes; Oversights and Omissions

**¶13**        DaSilva argues that the superior court erred by finding a clerical error under Rule 85(a). We agree. "A court must correct a clerical mistake or a mistake arising from oversight or omission if one is found in a judgment." Ariz. R. Fam. Law P. 85(a). The superior court "can correct clerical errors at any time," but "may correct judgmental errors only within limited time frames." *Vincent v. Shanovich*, 243 Ariz. 269, 271, ¶ 8 (2017) (internal quotations omitted).

**¶14**        Clerical errors are "inadvertent and may be a misstatement or omission." *Id.* "A clerical error occurs when the written judgment fails to accurately set forth the court's decision." *Id.* Judgmental errors occur "when the court's decision is accurately set forth but is legally incorrect." *Id.* "Whether error is judgmental or clerical turns on the question [of] whether the error occurred in rendering judgment or in recording the judgment rendered." *Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 142 (1987).

**¶15**        The superior court reasoned that the 2020 Order failed to consider either the Notice of Withdrawal or the motion to vacate the 2015 Order, but the record does not support that conclusion. Rather, in the 2020

Order, the court stated that it had reviewed "the motions, pleadings, and [case] file" before affirming the 2015 Order. And Moore put the court on notice in his 2020 motion to dismiss when he argued that the court's 2015 Order "was entered in error," pointing out both the Notice of Withdrawal and motion to vacate the 2015 Order.

**¶16** The 2020 Order is also consistent with the record. Moore argues that DaSilva's Notice of Withdrawal evidenced her belief that the 2009 Judgment was still effective. But DaSilva filed the Notice because "both garnishees . . . have provided answers that no wages are owed to [DaSilva]." And the question of whether the 2009 Judgment was enforceable still required resolution. *See In re Marriage of Kassa*, 231 Ariz. 592, 593, ¶ 4 (App. 2013) ("The Arizona Rules of Family Law Procedure require the trial court to resolve all issues raised in a post-decree petition before the filing of an appeal.").

**¶17** Moore also argues that the superior court impliedly vacated the 2015 Order, while DaSilva argues that the superior court impliedly denied the motion to vacate. The record reflects that the superior court granted the motion to vacate, in so far as it issued an order granting DaSilva's requested relief, in part. In her motion to vacate, DaSilva requested that the court vacate the 2015 Order and discharge the garnishees. In response, the court discharged the garnishees but did not vacate the 2015 Order. The court did not discuss the request to vacate the 2015 Order and therefore denied it. *See State v. Hill*, 174 Ariz. 313, 323 (1993) ("A motion that is not ruled on is deemed denied by operation of law.").

**¶18** The record does not reflect that either the 2015 Order or the 2020 Order fail to reflect the court's intent. *See Vincent*, 243 Ariz. at 271, ¶ 8 ("When clerical error is asserted, the family court should examine the record to determine whether the judgment accurately recorded the court's intent."). If Moore disagreed with the court's determination that the 2009 Judgment was expired, he should have raised that issue on appeal from the 2020 Order. *See Ace Auto Prods., Inc.*, 156 Ariz. at 143 ("If there was error in the amount, the error was not clerical but judgmental, and defendants' failure to object at trial precludes correction on appeal."). The superior court abused its discretion when it granted relief under Rule 85(a).

**¶19** Moore requests attorneys' fees and costs under A.R.S. § 25-324. We decline to award attorneys' fees because we have no information about the parties' financial resources and both parties presented reasonable positions on appeal.

**CONCLUSION**

¶20  For the above reasons, we reverse the 2022 Order granting Rule 85 relief to Moore.



AMY M. WOOD • Clerk of the Court
FILED: AA