NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CLINT DAVIS, et al., *Plaintiffs/Appellees,*

*v.*

STATE OF ARIZONA, *Defendant/Appellant.*

No. 1 CA-CV 23-0284
FILED 4-16-2024

Appeal from the Superior Court in Maricopa County
No. CV2020-096079
The Honorable Stephen Hopkins, Judge (ret.);
The Honorable Roger E. Brodman, Judge (ret.);
The Honorable Rodrick Coffey, Judge

**VACATED IN PART, REMANDED**

COUNSEL

Bailey Law Firm, PLLC, Tempe
By Jenna C. Bailey
*Counsel for Plaintiffs/Appellees*

Arizona Attorney General's Office, Phoenix
By Michelle C. Lombino, Lucy M. Rand, Rebecca A. Banes
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

---

**P E R K I N S**, Judge:

**¶1**         The State appeals the superior court's entry of a confidentiality order and the court's denial of the State's motion to vacate the order after the case was dismissed. For the following reasons, we vacate the denial of the State's motion under Arizona Rule of Civil Procedure ("Rule") 60(b) and remand for the superior court to make findings of fact.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Clint Davis is a retired police officer who worked as a gang detective and helped secure the arrest of many gang members. An inmate that Davis helped convict allegedly told a fellow inmate that he wanted to organize a "hit" on Davis's home as retribution for putting him in jail. Davis and his wife, Gloria Cales, (collectively, "Plaintiffs") sued the Arizona Department of Corrections for negligently handling the hit threat and for intentional infliction of emotional distress.

**¶3**         After filing the lawsuit, Cales, an attorney, participated in an online seminar during which she discussed lawyers' propensity toward depression and suicidal thoughts. An attorney for the State viewed and took photos of Cales speaking while presenting written materials next to her. The State also obtained Cales's office address from the State Bar's website. The State disclosed this information in their seventh initial disclosure as relevant to their defense of Plaintiffs' damages claim. As a "courtesy" given Plaintiffs' fear of harm, the State "redacted much of Ms. Cales's face in Exhibit 4 so as to obscure her identity."

**¶4**         Plaintiffs moved under Rule 26(c)(4) for a confidentiality order "to protect Plaintiffs' personal information, including any photographs, home addresses, or work locations." Plaintiffs argued they protect their personal information and likenesses out of a constant fear gang members will harm them if their information is publicly available. The State challenged the motion because it obtained the information outside the discovery process. The court granted the motion and entered a

confidentiality order requiring the parties to keep the information confidential after the pendency of this case.

**¶5** The superior court dismissed the case on the State's motion for summary judgment. The dismissal order did not mention the confidentiality order. The State moved under Rule 60(b) to vacate the confidentiality order, which the court denied. The State timely appealed, and we have jurisdiction. A.R.S. § 12-2101(A)(1), (2).

## DISCUSSION

**¶6** The State argues the superior court cannot enter a Rule 26(c) confidentiality order restricting the use of information the State acquired outside of discovery. The State also argues that the superior court abused its discretion by failing to make findings of fact. We review rulings on Rule 26(c) and Rule 60(b) motions for an abuse of discretion. *Zwicky v. Premiere Vacation Collection Owners Ass'n*, 244 Ariz. 228, 233, ¶ 22 (App. 2018); *City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985). We interpret procedural rules *de novo*, *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 167, ¶ 14 (App. 2004), using principles of statutory interpretation, *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7 (2007).

**¶7** The plain language of Rule 26(c)(4) restricts its application to "information or materials *produced in the action*." (emphasis added). While the State accurately points out that it independently obtained the relevant information outside the discovery process, it then produced the information by including it in disclosures to Plaintiffs. The rule thus applies to the information that is subject to the confidentiality order, namely Cales's likeness and office address. The superior court did not err in applying Rule 26(c)(4) to this information.

**¶8** But Rule 26(c)(4)(B) expressly requires that "[w]hen ruling on a motion for a confidentiality order, the court must make findings of fact concerning any relevant factors" and enumerates three factors the court must consider. The court here made no such findings at the time it entered the order. Nor did it make findings when the State moved to vacate the order, explaining why ongoing confidentiality is necessary. Both instances violate the rule and prevent us from discerning if the superior court abused its discretion in either ruling.

**¶9** We remand for the court to make findings of fact as to the confidentiality order. *Miller v. Bd. of Supervisors*, 175 Ariz. 296, 300 (1993) ("[W]hen a trial court in a non-jury case fails to make or makes insufficient findings of fact and conclusions of law, a reviewing court should remand

the case to the trial court for further findings."). We also vacate the denial of the State's Rule 60(b) motion and remand for the court to make findings of fact on why ongoing confidentiality is necessary.

## ATTORNEY FEES ON APPEAL

¶10 Plaintiffs request attorney fees on appeal. ARCAP 21. But Plaintiffs cite only to ARCAP 21, which is the procedural mechanism for appellate fee awards and does not provide a substantive basis for awarding fees. ARCAP 21(a)(2) ("This Rule only establishes the procedure for claiming attorneys' fees and does not create any substantive right to them."). We decline to award fees.

## CONCLUSION

¶11 We vacate the denial of the State's Rule 60(b) motion and remand for the superior court to make the necessary findings of fact.



AMY M. WOOD • Clerk of the Court
FILED:    AA